**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN AYVAZYAN, | No. 09-73128 |
| Petitioner, | |
| v. | Agency No. A095-317-391 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Ruben Ayvazyan, a native and citizen of Armenia, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Ayvazyan's testimony and medical document, which cast doubt on his claim that he was severely beaten by police, hospitalized, and attacked in the hospital. *See id*. at 1043; *Wang v. INS*, 352 F.3d 1250, 1258-59 (9th Cir. 2003) ("Speculation and conjecture may not substitute for substantial evidence, but an IJ need not ignore palpable inconsistencies in a petitioner's testimonial and documentary evidence that directly undermine his allegations of persecution.") (internal quotation marks omitted). The agency reasonably rejected Ayvazyan's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Ayvazyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Ayvazyan's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is

more likely than not he would be tortured if returned to Armenia.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**